# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                               )
v.                            )       **I.D. No. 30901716DI**
                               )       **Cr. A. No. IN89-03-1597**
BENJAMIN WHITEMAN,    )
            **Defendant.** )

Submitted: November 12, 2021
Decided: December 1, 2021

## ORDER

*Upon Defendant Benjamin Whiteman's Motion for Correction of Sentence,*
**DENIED.**

This 1st day of December, 2021, upon consideration of the Defendant Benjamin Whiteman's Motion for Correction of Sentence (D.I. 165) and the record in this matter, it appears to the Court that:

(1)    In March 1989, a New Castle County grand jury indicted Mr. Whiteman for three counts of Unlawful Sexual Contact in the Second Degree, one count of Unlawful Sexual Penetration in the Third Degree, and one count of Tampering with a Witness.[1]

(2)    These multiple charges arose from the following circumstances previously recounted by the Delaware Supreme Court:

> In February 1989, Whiteman was living at the home of the parents of two young girls-one age eight, the other age three. On

---

[1]    D.I. 1.

February 19, the parents of the two girls went out to dinner, leaving the children at home with Whiteman. After the parents left, Whiteman and the two girls began watching television. Whiteman asked the older girl to sit on the couch next to him. He then began to rub her leg. Next, he lifted her robe and placed his finger in her vagina. Whiteman then went over to the younger girl and inserted his finger in her vagina. Whiteman threatened to harm the older girl if she told anyone what happened.[2]

(3) By February 1989, Mr. Whiteman had already been declared a habitual criminal under the provisions of 11 *Del. C.* Section 4214(a). That happened when he was convicted of second-degree burglary less than two years earlier.[3] But at that earlier burglary sentencing, he was spared the life term the judge could have imposed and was instead sentenced to a term of years.[4]

(4) On August 17, 1989, Mr. Whiteman was convicted, following a jury trial in this Court, of a single count of Unlawful Sexual Penetration Third Degree.[5]

---

[2]    *Whiteman v. State,* 1991 WL 12112, at *1 (Del. Jan. 11, 1991).

[3]    *See* Order, *State v. Benjamin Whiteman*, ID No. 30604628DI (Del. Super. Ct. Jun. 19, 1987) (Order declaring Mr. Whiteman to be a habitual criminal under 11 *Del. C.* § 4214(a)) (D.I. 9); DEL. CODE ANN. tit. 11, § 4214(a) (1986) (Providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal.).

[4]    *See* Order, *State v. Benjamin Whiteman*, ID No. 30604628DI (Del. Super. Ct. Jun. 19, 1987) (Striking proposed language imposing a life sentence under 11 *Del. C.* § 4214(a) from State's proposed order declaring Mr. Whiteman a habitual criminal offender.); Sentencing Order, *State v. Benjamin Whiteman*, ID No. 30604628DI (Del. Super. Ct. Jun. 19, 1987) (Imposing three years of unsuspended imprisonment effective January 5, 1987, with an additional 89 days of credit for time previously served.); DEL. CODE ANN. tit. 11, § 4214(a) (1986) (Providing that upon sentencing a person who was declared a habitual criminal under that provision "the Court in which such fourth or subsequent conviction is had, in imposing sentence, *may, in its discretion*, impose a life sentence upon the person so convicted.") (emphasis added).

[5]    D.I. 7.

His sentencing occurred about two months later, after a pre-sentence investigative report was prepared and the State had filed a habitual criminal petition on the lone sexual penetration conviction.[6] For that felony sexual assault conviction, Mr. Whiteman was sentenced to a life term of imprisonment to be served under the provisions of the then-extant Habitual Criminal Act.[7] Mr. Whiteman's sentencing order notes that his habitual criminal sentence was effective on March 15, 1989, and is to be served consecutive to any other sentence he was then serving.[8]

(5) Since that sentencing, Mr. Whiteman has barraged the courts with attacks on his conviction and life sentence.[9] One particular aspect of this litigation history, too, has been previously recounted by the Delaware Supreme Court:

> In 1989, more than a quarter century ago, the appellant, Benjamin Whiteman, was sentenced to life imprisonment as a habitual offender. Since then, Whiteman has filed multiple repetitive motions arguing that his habitual offender sentence is illegal because it was imposed in an illegal manner. This Court has affirmed the Superior Court's denial of all of Whiteman's challenges to his sentence. In 2013, we held that Whiteman was foreclosed from asserting a particular sentencing claim because

---

[6] D.I. 14.

[7] Sentencing Order, *State v. Benjamin Whiteman*, ID No. 30901716DI (Del. Super. Ct. Oct. 27, 1989) (D.I. 15). *See Crosby v. State,* 824 A.2d 894, 897-99 (Del. 2003) (Explaining the history of Delaware's Habitual Criminal Act and the effect of a life sentence for an inmate like Mr. Whiteman).

[8] *Id.*

[9] *See* Order, *State v. Benjamin Whiteman*, ID No. 30901716DI (Del. Super. Ct. Apr. 15, 2021) (D.I. 163) (in its order denying Mr. Whiteman's last Rule 35(a) motion earlier this year, this Court noted that was his "*twelfth* motion under either Rule 35 or 61") (emphasis in original).

our prior decisions regarding the 1989 sentence constituted the law of the case. And in a decision from 2015, we stated that:

> We will not continue to invest scarce judicial resources in addressing Whiteman's repetitive and frivolous claims. In the future, any appeal or writ filed by Whiteman challenging the legality of his habitual offender sentence will be subject to involuntary dismissal without prior notice under Supreme Court Rule 29(c).[10]

And the Supreme Court held further:

> Whiteman's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. In the future, unless leave to proceed is granted by the [Delaware Supreme] Court, Whiteman is enjoined from proceeding in the [Delaware Supreme] Court on any claim related to his 1989 sentence.[11]

(6)     This latest application is yet one more where Mr. Whiteman argues, in substance, that his habitual offender sentence was imposed in an illegal manner.[12] And just as it does with any other type of Rule 35 application, when considering a motion for sentence correction under Rule 35(a), "this Court addresses any applicable procedural bars before turning to the merits."[13]

---

[10]  *Whiteman v. State*, 2017 WL 961804, at *1 (Del. Mar. 10, 2017).

[11]  *Id.*

[12]  *See Walley v. State*, 2007 WL 135615, at *1 (Del. Jan. 11, 2007) (a claim that Court failed to hold a proper habitual offender status hearing is a claim that the movant's sentence was imposed in an illegal manner).

[13]  *See State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015) (When considering requests for sentence modification under Rule 35(b), "this Court addresses any applicable procedural bars before turning to the merits."); *see also State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (holding that

(7)     Under this Court's Rule 35(a), such a claim is required to be asserted via a motion for correction brought within 90 days of the imposition of the sentence.[14] So, if for no other reason—of which there are plenty—because Mr. Whiteman did not assert this latest iteration of his sentencing claim in a timely fashion, it may not be considered now.[15]

(8)     **NOW, THEREFORE, IT IS ORDERED** that Mr. Whiteman's application claiming that his habitual criminal offender sentence was imposed in an illegal manner and must be corrected is procedurally barred under this Court's Rule 35(a) and must be **DENIED**.

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc:     Kathryn A.C. van Amerongen, Esquire
         Annemarie H. Puit, Chief Prosecutor, NCCo.
         Gregory E. Smith, Deputy Attorney General

---

this Court abused its discretion when it considered inmate's Rule 35 motion that was barred both as repetitive and as untimely).

[14]    Super. Ct. Crim. R. 35(a) ("The court . . . may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); Super. Ct. Crim. R. 35(b) (providing that a sentence reduction motion must be filed within 90 days after the sentence is imposed).

[15]    *See Brown v. State*, 2020 WL 135615, at *1 (Del. Jan. 11, 2007) (holding that when an inmate failed to file a sentence correction motion to prosecute his claim that this Court failed to hold a separate habitual criminal offender status hearing within 90 days of the imposition of his habitual criminal sentence he was foreclosed from making such argument years later); *Walley*, 2007 WL 135615, at *1 (same).